EDWARD D. PRESTON, INSPECTOR OF BUILDINGS, vs.
LIKES, BERWANGER & COMPANY.

*Municipal Corporations—Erection of Awning in Streets—Grant by Board of Estimates.*

The ordinance of Baltimore known as No. 116 of 1895 providing for the erection of awnings in the streets of that city upon the issue of permits therefor by the Inspector of Buildings is impliedly repealed by sec. 37 of the city charter as amended by the Act of 1900, ch. 109, which directs that the grant of any right to use any street of the city shall be embodied in an ordinance to be approved by the Board of Estimates, provided that the right to use the streets by any person for bow or bay windows, hitching posts, areaways, steps, planting of trees, storm-doors, drains and drain pipes, stands or other such temporary or similar uses may be granted by the Board of Estimates for such an amount of money and upon such terms and conditions as the said board may consider right and proper. An awning is a use similar to those enumerated. Consequently a party is not entitled to demand a permit from the Inspector of Buildings for the erection of an awning over a street unless the right has been granted by the Board of Estimates or by a municipal ordinance.

Appeal from the Court of Common Pleas (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Sylvan Hayes Lauchheimer* (with whom was *W. Cabell Bruce* on the brief), for the appellant.

*Wm. Pinkney Whyte*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The appelless are the lessees of certain property known as Nos. 8, 10 and 12, East Baltimore street, in the City of Baltimore, and are engaged in the business of merchant tailors and mens' furnishing goods in a building newly erected thereon.

On July 12th, 1905, they made application to E. D. Preston,

Building Inspector of Baltimore, for a permit to erect an awning over the show windows of the building to protect the goods therein in front of the building, the size to be 10 feet wide by 55 feet long, the rails to be of iron and to be approximately 12 feet above the pavement, to be covered with iron and luxfer prisms, in accordance with Ordinance 116 of the Mayor and Council of Baltimore approved July 18th, 1895.

By the first section of this ordinance it is provided, that it shall not be lawful for any person to erect an awning without first obtaining a permit from the Inspector of Buildings, for which the applicant shall pay the sum of four ($4) dollars, the awning may be covered with *wood, iron, tin* or *canvass,* and the rails of all awnings shall be at least eight feet above the pavement.

The Inspector of Buildings declined to issue a permit for the reasons stated in his answer, as follows: First, that under section 37 of the new charter of Baltimore City, no right to use the street for the purpose named in the petition, can be granted until the application has been considered by the Board of Estimates.    Second, the board has the discretion to grant or refuse the application in any given case; that the application of the petitioners was considered by the Board of Estimates and refused, because to grant it in the form presented would have meant an undue obstruction to the principal business street of Baltimore City, and the existence of such a structure would be dangerous to life, would impede firemen in case of fire, and by the breaking of glass or some portion thereof, pedestrians might be injured and thereby liability imposed upon the city. That the board has uniformly refused to permit structures of the kind on Baltimore street, but have granted applications for the erection of rolling awnings and is willing to grant such an application to the petitioners.

At the trial of the case below a writ of *mandamus* was directed, requiring the Inspector of Buildings to issue a permit for the erection of the awning as set out in the petition, and from this order an appeal has been taken.

The first and controlling question to be determined by us

is whether Ordinance No. 116, of 1895, or section 37 of the New Charter, Act 1898, ch. 123, as amended by the Act of 1900, ch. 109, controls, in the granting of a permit for the erection of awnings in the city of Baltimore similar to the one here in controversy.

It is conceded, that if the right to erect awnings is to be controlled by Ordinance (No. 116), then it was the duty of the Inspector of Buildings to issue the permits upon compliance with the terms of the ordinance. But, on the other hand, if their erection or construction was within the powers conferred by section 37 of the City Charter as amended by the Act of 1900, then the petition filed in this case should have been dismissed, because the right to so use the street had not been passed upon by the Board of Estimates nor authorized by a municipal ordinance.

By ch. 109 of the Act of 1900, the Legislature repealed sec. 37 of the New Charter of Baltimore (Acts 1898), and re-enacted the same with amendments. The section as amended is in part as follows:

Before any grant shall be made by the Mayor and City Council of Baltimore of the franchise or right to use any street, avenue, alley or highway, or the grant of the franchise or right for the use of any public property mentioned in section seven of this Article, the proposed specific grant with the exception hereafter in this section made, shall be embodied in the form of an ordinance with all the terms and conditions required by the provisions of this Article. The ordinance shall after having been introduced in either branch of the City Council, and after the first reading be referred forthwith by the branch in which the same is offered to the Board of Estimates. The Board of Estimates shall make diligent inquiry as to the money value of the franchise or right proposed to be granted, and the adequacy of the proposed compensation to be paid therefor to the city as offered in the ordinance, and the propriety of the terms and conditions of the ordinance. The provisions of this section shall apply to the renewal or extension of any franchise or right relating to the use of any of the public property

mentioned in section 7· of this Article now existing or which may hereafter be granted to any person or body corporate, *provided* that *the right to use the streets, avenues, alleys or other public property by any person or body corporate for* bow or bay windows, hitching-posts, areaway, steps, planting trees, storm-doors, drains and drain-pipes, stands, or other such temporary or *similar uses;* may be granted by the Board of Estimates for such an amount of money, and upon such terms and conditions as the board may consider right and proper.    Before the board shall grant any such right, the person or body corporate seeking the same shall file before the board, in writing, an application for such use, and in the application the use desired shall be stated, and what the applicant is willing to pay for the same must be given, and such person or body corporate shall only enjoy such use on the payment of the amount of money named by the board, and on the terms and conditions the board shall prescribe in writing, and no ordinance or advertisement shall be necessary or made in such cases as are named in the proviso of this section.

It will be thus observed that the appellee's right to the relief sought by this proceeding is based upon Ordinance No. 116, approved July 18th, 1895, while the appellant rests his contention upon section 37 of the New Charter as amended by the subsequent Act of 1900, ch. 116.    As this involves a construction of those Acts, we will proceed to consider them, in so far as they are applicable to this case.

There can be no question, that the erection of an awning similar to the one here described, involves a right to use the street, and cannot be obtained except by a compliance with the provisions of law.    By the New Charter, sec. 37 (Acts of 1898, ch. 123), application for a franchise or right to use the streets, shall be embodied in the form of an ordinance, and after its introduction in either branch of the City Council, be referred to the Board of Estimates, for its consideration according to the terms of the charter.    Subsequently, by the Act of 1900, ch. 109, this section of the charter was amended, and it was provided as to certain minor privileges, that the right

to use the streets, avenues, alleys or other public property by any person or body corporate for *bow* or bay windows, hitching-posts, areaways, steps, planting of trees, storm-doors, drain and drain-pipes, stands or such other temporary or *similar uses*, may be granted by the Board of Estimates without an ordinance, upon terms and conditiors prescribed by the Act.

The Acts of 1898 and 1900, are subsequent to the Ordinance 116, approved July 18th, 1895, and while the word "awnings" is not specifically mentioned in the Act of 1900, ch. 109, we think they are manifestly included and comprehended within the meaning of the terms "or similar uses," and must be controlled by section 37 of the City Charter, as amended by the Act of 1900.

The erection of an awning or structure like the one in dispute is clearly as much a use of the street as a bow or bay-window, and is therefore covered by the term "or similar uses," set forth in the Act just referred to.

The obvious intent and purpose of the New Charter, as disclosed by an examination of its provisions was to prevent the grant of a franchise or right to use the streets without "full municipal superintendence, regulation and control" and after a careful consideration by the Board of Estimates. By section 10 of the New Charter as amended by the Act of 1890 it is distinctly provided, that before any grant of the franchise or right to use any highway, avenue, street, lane or alley or other public property *either on, above or below* the surface of the same, shall be made, the proposed specific grant, except as provided in the proviso to section 37 of this Article, embodied in the form of a brief advertisement prepared by the Board of Estimates—and all the provisions of section 37 of this Article shall be complied with.

And in the Act of 1900, ch. 109, it is provided, in reference to the minor privileges, that they may be granted by the Board of Estimates only upon such terms and conditions as the board may consider right and proper.

It is quite clear, that the provisions of the charter, as to the

erection of awnings could not be enforced or carried out, if the provisions of Ordinance No. 116, should be held to be in force and a subsisting ordinance.

But apart from this, it will be seen, that the application of the appellees here does not fall within the terms of the ordinance relied on. By the express provisions of this ordinance, it applies to an awning covered with *wood, iron, tin* or *canvass* and the rails of all awnings shall be at least eight feet above the payment.

According to the application for the permit and the proof in the case, the awning applied for is to be an iron frame with glass, and "covered with iron and luxfer prisms."

So without discussing the other questions raised on the record, we are of the opinion, for the reasons stated, that this case falls within the terms of section 37 of the City Charter as amended by the Acts of 1900, ch. 109, and that inasmuch as the provisions of the Act, have not been complied with the order appealed from, must be reversed and the bill dismissed.

*Order reversed and petition dismissed with costs.*

(Decided February 13th, 1906.